

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER LUKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BAXTER HEALTHCARE )<br>CORPORATION, )<br>)<br>)<br>Defendant. ) | Case No. 04 C 2958 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Peter Luks has sued his former employer, Baxter Healthcare Corporation, for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621. Baxter has moved for summary judgment. For the reasons stated below, the Court grants Baxter's motion.

### Facts

Luks was born on October 30, 1949 and is therefore a member of the class protected under the ADEA. He claims he was subject to age discrimination in the form of adverse changes to his job, disciplinary actions, adverse performance evaluations, and termination.

Luks worked for Baxter from September 1982 through May 2, 2002. In August 2000, Luks was a technical consultant assigned to work for John Goode, Baxter's Vice President of Architecture, Technology, and Planning. In March 2001, Goode told Luks he was being transferred to the newly created program office. At the Program Office, Luks reported to the

1

Director, Carol Kazl, who in turn reported to Goode. The Program Office was responsible for the management of information technology projects across Baxter entities. Luks was a Senior Business Consultant in the Program Office, and as such, he was responsible for developing and operating a prioritization process in which all of Baxter's information technology projects were evaluated and inventoried.

Baxter employees receive mid-year and year-end reviews. Before 2001, Luks had never received a "does not meet expectations" overall rating on any review. In his first review completed by Goode, however, Luks received a "does not meet expectations" rating on two objectives within his review, though Goode agreed to change the ratings to "meets expectations" after discussing them with Luks. In his first review after being transferred to the Program Office, the mid-year review for 2001, Kazl rated Luks as "meets expectations." In his year-end review, however, Luks received an overall "does not meet expectations" rating. Luks did not agree with many of the criticisms in his performance review and voiced concerns to co-workers that he was being set-up to be terminated. Luks also met with Goode to explain his dissatisfaction with Kazl's review and his desire to complain about the review to human resources. Luks claims that Goode advised him not to talk to human resources and not worry about the review because it was not important.

Soon after receiving the poor rating, however, Luks was put on a performance plan. The plan established twenty-eight performance goals, which Luks was given thirty days to meet. On May 2, 2002, approximately six weeks after the commencement of the performance plan, Kazl terminated Luks, claiming that he had failed to meet certain elements of the plan.

At the time of his termination, Luks was fifty-two years old, Kazl was forty-seven years

2

old, and Goode was forty-four years old. Luks contends that the true reason for his termination was not his performance, but rather Goode's desire to rid the Architecture, Technology, and Planning division of its three oldest employees – Peter Luks, Glen Jurmann, and Larry Helsith, who were all over the age of fifty. Pl. Ex. V ¶ 6. Luks claims that Goode succeeded in forcing him out by ensuring that he received unwarranted bad reviews and ordering him to be placed on a performance plan despite his satisfactory performance.

## Discussion

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must view the facts in favor of the non-moving party and draw reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The ADEA provides that it is unlawful for an employer to discharge any individual because of his age. 29 U.S.C. § 623(a)(1). Luks has brought his age discrimination claim under a disparate treatment theory. Under this theory, he must prove that his age played a role in Baxter's decision making process and had a "determinative influence on the outcome." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). Stated another way, Luks must show that "but for" age discrimination, he would not have been fired. *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 396 (7th Cir. 1997).

**1.   Direct method of proof**

Luks can defeat Baxter's summary judgment motion by submitting evidence from which a jury could find he was terminated because of age discrimination, either by the direct method of

proof or by the indirect *McDonnell Douglas* burden-shifting method. *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). "The direct method of proof permits a plaintiff to show, by way of direct or circumstantial evidence," that his termination was motivated by an impermissible purpose. *Rhodes v. Ill. Dept. of Transportation*, 359 F.3d 498 (2004). Luks asserts that he has presented direct evidence in the form of testimony regarding allegedly discriminatory remarks made by Goode regarding older employees, including Luks. Luks presents deposition testimony of Gretchen Nester, head of human resources at Baxter, who stated that two older employees, Jurmann and Helsith, complained to her that Goode referred to them as "old timers." Nester Dep. at 47, 51-52. Luks himself testified that Goode introduced him to incoming employees as the "old guy" in the department. Luks Dep. at 235-236. Finally, Luks presents deposition testimony from Cynthia Overby, Baxter's former web services manager, that Goode told her he wanted to get rid of the "good old boys" at Baxter. Overby Dep. at 20.

These remarks are not direct evidence of age discrimination. First, Luks has failed to provide evidence from which a jury could find that the "good old boys" comment was based on age or related to any employment decision. *Lindsey v. Baxter Healthcare Corp.*, 962 F.2d 586, 588 (7th Cir. 1992) ("No weight can be attached to an overheard comment that Baxter does not like to promote 'good old boys,' since any competent user of the English (or rather the American) language knows that to be a good old boy one need not be old, or for that matter good."); *McCarthy v. Kemper Life Ins. Co.*, 924 F.2d 683, 686-87 (7th Cir. 1991) (to survive summary judgment, discriminatory comment must be related to the employment decision at issue). Second, Goode's reference to Luks as the "old guy" in the department is not direct evidence of

4

age discrimination because Luks has offered no evidence that the comment was connected to any employment decision. *Fuka v. Thomson Consumer Elecs.*, 82 F.3d 1397, 1403 (7th Cir. 1996) (stray remarks regarding older people by co-workers did not qualify as direct evidence because they were not related to the employment decision in question); *see also, Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1089 (7th Cir. 2000) (references to the plaintiff as an "old S.O.B." and "getting too old" were made in the context of "random office banter," and were therefore, without more, insufficient to create a triable issue of fact of age discrimination); *Hoffman*, 144 F.3d at 1122 (statements to the plaintiff that he was "getting old" and that "fresh legs" were needed by the company was not enough to survive summary judgment). Finally, Nester's testimony regarding what Jurmann and Helsith reported Goode said to them is inadmissible hearsay.

To proceed under the direct method of proof without direct evidence, Luks must present circumstantial evidence of age discrimination. Specifically, to avoid summary judgment using circumstantial evidence, Luks must construct a "convincing mosaic" of circumstantial evidence that "allows a jury to infer intentional discrimination by the decision-maker." *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994). In *Troupe*, the Seventh Circuit identified three categories of circumstantial evidence: (1) suspicious timing; ambiguous statements; behavior or comments directed at other employees; and other "bits and pieces" of evidence form which an inference of discrimination can be drawn; (2) evidence suggesting that similarly situated, younger employees received better treatment; and (3) evidence that the stated reason for termination was a "mere pretext for discrimination." *Id.*; *see also Volovsek v. Wisconsin Dept. of Agr., Trade, and Consumer Protection*, 344 F.3d 680, 689-90 (7th Cir. 2003).

Luks offers as circumstantial evidence his testimony that most of the criticisms listed on his year-end 2001 review that led to the poor rating were incorrect and without factual foundation. Luks Dep. at 122. Luks says he provided Kazl with specific examples of why the criticism was unwarranted. *Id.* at 61-63, 76-77, 81-82, 69-70. Luks also disagreed with Kazl's claim that he had not met the performance plan's goals. He testified that the claims of failure lacked a factual foundation and that Kazl could not provide examples to support the claims. *See, e.g.*, Luks Dep. at 138-39, 150, 157, 178; *see* Pl. Ex. L (Luks' notes in preparation for a meeting with Kazl) & U (statement Luks read to Goode). But Luks' opinion of his performance is not circumstantial evidence of discrimination; it does not suggest that Baxter's stated reason for terminating him – poor performance – was not honestly believed. *See, e.g., Gusewelle v. City of Wood River*, 374 F.3d 569, 576 (7th Cir. 2004) (issue of pretext; employee must show that employer did not honestly believe stated reason for its action); *cf. Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 985 (7th Cir. 1999) (employee's opinion of his own ability is insufficient to contradict employer's negative assessment). Luks "must show more than that the employer's decision was incorrect; the plaintiff must also show the employer lied about its proffered explanation." *Johnson v. Nordstrom*, 260 F.3d 727, 732 (7th Cir. 2001) (issue of pretext).

Luks contends Goode's plan was to terminate him along with Helsith and Jurmann, the oldest members of Goode's division, and support of this he offers the deposition testimony of Cynthia Overby, Baxter's web services manager until December 2002. Overby, who reported to Goode, worked with Luks and was the direct supervisor of Helsith and Jurmann. She testified that she and Goode had strong disagreements over the work performance of Helsith and Jurmann and that Goode directed her to put Helsith and Jurmann on performance plans despite her

6

insistence that both were competent employees. *See* Overby Dep. at 15-16, 34. Overby believed that Goode was trying to set the two employees up for failure, and ultimately for termination. *Id.* at 18, 26. Overby testified that she did not want to have a part in what she believed to be Goode's plan to terminate Helsith and Jurmann, so she worked out a transfer within Baxter for Jurmann, *id.* at 31, and provided documentation of Helsith's good performance to Gretchen Nester, Baxter's director of human resources. *Id.* at 17-18.[1] Goode fired Overby several months later, which Overby claims was retaliation for trying to protect Helsith and Jurmann. *Id.* at 19.

Overby's testimony does not help Luks, however, because nothing in her testimony points to the conclusion that the alleged set-up of Helsith and Jurmann was motivated by age discrimination. Circumstantial evidence presented under the direct method of proof "must point *directly* to a discriminatory reason for the employer's action." *Jordan v. City of Gary, Ind.*, 396 F.3d 825, 832 (7th Cir. 2005) (emphasis added); *Cowan v. Glenbrook Security Services, Inc.*, 123 F.3d 438, 443 (7th Cir. 1997) (direct evidence "must not only speak directly to the issue of discriminatory intent, it must also relate to the specific employment decision in question.").

Overby also testified that her experience working with Luks for about six months after working with positive and that she found he was knowledgeable, had good communication skills, and followed through on projects. Overby Dep. at 39-40. Overby says that in a November 2001 meeting, Kazl said Goode instructed her to put together a performance plan for Luks, and she asked Overby for input because she had designed the plans for Helsith and Jurmann. *Id.* at 41. After several meetings, Overby concluded that Goode's motivation was the same as she felt it

---

[1] Jurmann was able to transfer, Overby Dep. at 31, but Helsith was terminated several months after being placed on the performance plan, as part of a reduction-in-force. Goode Dep. at 69.

7

had been for Jurmann and Helsith, i.e., to set Luks up for termination. *Id.* at 40-41. But Overby's opinion regarding the motivations of Goode and Kazl is irrelevant, and her testimony about what Kazl told her, like her testimony about the Helsith and Jurmann performance plans, does not suggest that the decision to put Luks on a performance plan was based on his age.

Luks' points to a document produced by Baxter that has his name and those of Jurmann and Helsith written across the top. Pl. Ex. W. The document appears to concern performance plans, and it contains handwritten notations dated February 2001 that appear to concern a meeting the author had with Goode about his efforts to document performance issues with Luks.[2] This may be the same document that Kazl testified she found in Luks' personnel file, Kazl Dep. at 154, and that Overby said Goode had at a meeting in late 2001 or early 2002 at which he discussed the performance problems of Helsith and Jurmann. Overby Dep. at 11, 13. Luks argues that the existence of this document or documents, which listed the three oldest employees in the division, is circumstantial evidence of age discrimination. The Court disagrees; there is nothing in the document(s) or the evidence about it that even hints at discriminatory intent.

In sum, Luks has offered no direct evidence of age discrimination and has not offered what a jury reasonably could find to be a "convincing mosaic" of circumstantial evidence.

## 2.    Indirect method of proof

Under the indirect, burden-shifting method set out in *McDonnell Douglas*, Luks must first establish a prima facie case of age discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996) (applying *McDonnell Douglas* to claims brought under the ADEA). To make out a prima facie case, Luks

---

[2] February 2001 is also when Goode began keeping a log of his interactions with Luks.

must provide evidence from which a jury could find that he is at least forty years old, was performing up to Baxter's legitimate expectations, suffered an adverse employment action, and similarly situated employees under the age of forty were treated more favorably. *See, e.g., Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 571-71 (7th Cir. 1998). If Luks cannot establish a prima facie case, his claim fails. If, however, he succeeds in making out a prima facie case, the burden then shifts to Baxter to articulate a legitimate, nondiscriminatory reason for terminating him. *McDonnell Douglas*, 411 U.S. at 802. If such a reason is offered, Luks must then show that Baxter's proffered reason is merely pretext for discrimination. *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 574 (7th Cir. 2003).

The parties dispute whether Luks was meeting employment expectations and thus whether he can establish a prima facie case. But assuming Luks could do so, Baxter has met its burden to proffer a non-discriminatory reason for Luks' termination: poor performance. Pl. Ex. J (2001 year-end review with "does not meet expectations" rating) & K (performance plan with Kazl's notations regarding job objectives Luks failed to meet). This would shift the burden back to Luks to provide evidence from which a jury reasonably could find that Baxter's reason was pretextual. Because, as we discuss below, Luks cannot meet that burden, the Court need not address whether he can clear the prima facie case threshold. *See, e.g., Fairchild*, 147 F.3d at 572.

Luks offers substantially the same evidence to show pretext as he did to show intentional discrimination under the direct method of proof. As the Court has already discussed, this evidence is insufficient to create a triable issue of fact. The evidence of age-related remarks unrelated to any employment decision, Luks' testimony regarding his own performance, Overby's testimony regarding Helsith and Jurmann, and the document with the names of Luks,

9

Helsith, and Jurmann, considered together, do not call into question the honesty of Baxter's stated reason for terminating Luks. *See, e.g., Flores v. Preferred Technical Group*, 182 F.3d 512, 516 (7th Cir. 1999) (the question is "not whether the employer's reasons for a decision are 'right' but whether the employer's description of its reasons is honest").

The only other evidence Luks has to offer on the issue of pretext concerns the employees who took over his responsibilities after he was terminated: Nathan Habeck and Terri Stevens, both of whom were a good deal younger than Luks, and who had shared certain responsibilities with Luks before he was terminated. Luks claims that Habeck and Stevens received more favorable treatment from Goode and Kazl because they were significantly younger. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 892 (7th Cir. 2001) ("A showing that similarly situated [younger employees] received more favorable treatment can also serve as evidence that the employer's proffered legitimate, nondiscriminatory reason for the adverse job action was a pretext for discrimination."). Luks has offered evidence that Habeck and Stevens did some of the same things that were the basis for Luks' poor reviews, but that they got favorable reviews and were not subjected to any adverse action. Habeck testified that he shared with Luks some of the responsibilities of running the prioritization program and that he sometimes turned in late reports but never received negative comments from Kazl. Habeck Dep. at 62, 98-99. Stevens also sometimes turned in late reports but, unlike Luks, never received a "does not meet expectations" review. Stevens Dep. at 66-67.

But because Luks has failed to offer evidence from which a jury reasonably could find that Habeck and Stevens were similarly situated to him, the evidence about their allegedly more favorable treatment would not support a finding of pretext. *See Radue v. Kimberly-Clark Corp.*,

10

219 F.3d 612, 617 (7th Cir. 2000). This evidence is insufficient to permit a reasonable jury to find pretext, however, because Luks fails to show that he was actually similarly situated to Habeck and Stevens. First, Luks provides no evidence as to Habeck and Stevens' experience, qualifications, or education. *Ajayi v. Aramark Bus. Svcs., Inc.*, 336 F.3d 520, 532 (7th Cir. 2003) (to determine whether employees are comparable, courts should look at whether employees have comparable experience, education, qualifications, and job descriptions). Second, Luks was Habeck and Stevens' superior, *see* Luks Dep. at 28-30, and thus reasonably could be held to higher standards by management. Finally, it is anything but apparent that Habeck or Stevens missed deadlines with the same frequency as Luks. *See* Luks Dep. at 62-63; Stevens Dep. at 66; Habeck Dep. at 98.

In sum, Luks has failed to provide evidence from which a reasonable jury could find that Baxter's reason for terminating him was pretextual.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion for summary judgment [docket no. 11-1]. The Clerk is directed to enter judgment in favor of the defendant. The trial date of January 9, 2006 is vacated.

MATTHEW F. KENNELLY
United States District Court

Date: August 29, 2005

11